IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| MARK K., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-2094 |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

RICHARD MILLS, United States District Judge:

This is an action for review under 42 U.S.C. § 405(g) of the Social Security Administration's denial of Plaintiff Mark K.'s disability insurance benefits.

United States Magistrate Judge Eric I. Long recommended that Plaintiff's motion for summary judgment be denied and Defendant's motion for summary judgment be granted.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff has filed objections to the Report and Recommendation.

I.

The Administrative Law Judge (ALJ) found that although Plaintiff has the severe impairments of seizure disorder, bipolar disorder and cognitive disorder, no

1

impairment or combination of impairments meets, or medically equals, the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. The ALJ further found that Plaintiff had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(C), except:

> he can tolerate only occasional exposure to unprotected heights and moving machinery, and can tolerate only occasional exposure to noise at a moderate volume level; he can only occasionally operate a motor vehicle; further, he is limited to work that consists of the performance of simple and routine tasks, he is limited to no more than frequent interaction with co-workers, and no interaction with the public; and finally, he requires work that allows him to be off task up to 10% of the workday, and to be absent one day per month.

R. 29. The ALJ found that Plaintiff was able to perform his past work as a welder. The Appeals Council denied the Plaintiff's request for a review, thereby making the ALJ's ruling the final decision of the Commissioner.

In the Report and Recommendation, the magistrate judge discussed the medical opinion evidence. The magistrate judge found that the ALJ minimally articulated her reasons for giving the medical opinions of Dr. Gillen, treating psychiatrist Dr. Bashir, treating neurologist Dr. Shyu and treating physician Dr. Mandhan little to no weight. He also found that the ALJ had articulated reasons for discounting the psychological testing analysis--specifically due to inconsistent results with Plaintiff's mental limitation testing, including significant fluctuations with his Global Assessment of Functioning ("GAF") score.

The magistrate judge noted that the ALJ gave little weight to the opinions of Dr. Bashir and Dr. Gillen pertaining to the Plaintiff's bipolar disorder. The magistrate judge found that the ALJ appropriately considered the effectiveness of medication in mitigating the symptoms.

Regarding the Plaintiff's argument that the opinions of Dr. Bashir and Dr. Gillen should have been given more weight pursuant to 20 CFR 404.1527, the magistrate judge noted that the ALJ provided examples of how both physicians' opinions relating to the extent of Plaintiff's limitations were inconsistent with the record.

The magistrate judge also found that the ALJ had articulated her reasons for giving "some, but not significant weight" to the state agency examiners.

As for the Plaintiff's credibility, the magistrate judge discounted the ALJ's use of the familiar "meaningless boilerplate" language often found in decisions, upon noting that the ALJ did provide a detailed analysis of the Plaintiff's credibility. Accordingly, the use of the boilerplate did not constitute reversible error.

The magistrate judge noted that the ALJ discussed the Plaintiff's activities of daily living in assessing his ability to work full time, as required by 20 CFR § 404.1529(c)(3)(i). However, the ALJ did not place undue weight on factors such as the Plaintiff's ability to mow the lawn or prepare simple meals.

Additionally, the magistrate judge found that the ALJ's credibility determination includes specific reasons for her findings. The magistrate judge noted that the ALJ based that finding on the Plaintiff's testimony regarding daily activities, normal examination notes within the medical records and a finding that the medical opinions were largely based on the Plaintiff's subjective complaints. Upon considering those reasons, the magistrate judge was unable to determine that the ALJ's credibility determination was "patently wrong."

The magistrate judge recommended that Plaintiff's motion for summary judgment be denied and the Defendant's motion for summary judgment be granted, and that the decision to deny benefits be affirmed.

II.

The Plaintiff has filed objections to the Report and Recommendation. Those objections are subject to de novo review. *See* 28 U.S.C. § 636(b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.

When, as here, the Appeals Council denies review, the ALJ's decision stands as the final decision of the Commissioner. See Schaaf v. As true, 602 F.3d 869, 874 (7th Cir. 2010). The Act specifies that "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence" is defined as "such relevant evidence as

4

a reasonable mind might accept as adequate to support a conclusion." *Yurt v. Colvin*, 758 F.3d 850, 856 (7th Cir. 2014) (citations omitted). Although a court's task is not to re-weigh evidence or substitute its judgment for that of the ALJ, the ALJ's decision "must provide enough discussion for [the Court] to afford [the Plaintiff] meaningful judicial review and assess the validity of the agency's ultimate conclusion." *Id*. at 856-57. The ALJ "must build a logical bridge from the evidence to his conclusion, but he need not provide a complete written evaluation of every piece of testimony and evidence." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (internal citations and quotation marks omitted).

The Plaintiff's first ground is that the ALJ failed to properly weigh the medical opinion evidence—specifically that of treating psychiatrist Dr. Bashir and treating psychologist Dr. Gillen. Moreover, the Plaintiff takes issue with the magistrate judge recommendation's that the Court give little weight to that evidence because the frequency of Plaintiff seizures is irrelevant to this mental health evidence.

In February 2011, Dr. Bashir evaluated the Plaintiff's limitations due to his bipolar disorder, most recent episode depressed; cognitive disorder; and, avoidant personality disorder. Dr. Bashir observed that Plaintiff has "marked limitations" (defined as "effectively precluded") in thirteen activities or abilities and is "moderately limited" (significantly limited but not totally precluded) as to five abilities.

5

In August 2015, Dr. Bashir assessed the same mental conditions and opined that Plaintiff had "marked limitations" in the same or similar activities or abilities.

Similarly, Dr. Gillen stated his opinions were based on the Plaintiff's bipolar disorder, cognitive disorder and avoidant/antisocial personality disorder and opined that he was "markedly limited" as to nine different abilities and "moderately limited" as to seven abilities. Dr. Gillen found that Plaintiff was incapable of tolerating even low stress given that he was rigid and had a limited capacity to cope with reduction in memory.

The ALJ found that although the Plaintiff's bipolar disorder is a severe impairment, it was not of a disabling nature as it was controlled by medication. In March 2010, Dr. Gillen had reported that the bipolar was "stable with medication." The ALJ also stated that Plaintiff's symptoms were consistently stable at all of his neurological examinations with Dr. Shyu. There was no mention of cognitive problems at one of those exams until June of 2013, when it was determined that Plaintiff's cognitive issues and memory difficulties were stable.

As for the Plaintiff's Global Assessment of Functioning (GAF) scores, the Plaintiff notes there was a range between 25, suggesting Plaintiff was delusional, and 55, suggesting moderate limitation in functioning. The magistrate judge states that GAF scores are not dispositive on the issue of disability and, further, as found

by the ALJ, that such a disparity can be due to inconsistencies in the physicians' opinions which in turn could be based on Plaintiffs' subjective complaints.

The ALJ noted that Plaintiff was found to be stable on all of his medications at all neurological examinations. His cognitive issues/memory difficulties were found to be stable on June 13, 2013. The Plaintiff also claims the magistrate judge errs in finding the ALJ properly rejected opinions from Drs. Bashir and Gillen regarding Plaintiff's cognitive limitations. He claims the cognitive limitations were not due to his seizures but were side effects of his seizure medications. The ALJ does not specifically address the Plaintiff's ability to work under these circumstances.

The Plaintiff asks the Court to reject Judge Long's recommendation that the ALJ properly gave greater weight to the opinions from non-examining state agency psychologists. A contradictory opinion of a non-examining consultant does not alone provide substantial evidence which is sufficient to reject an examining physician's opinion. *See Vanprooyen v. Berryhill*, 864 F.3d 567, 573 (7th Cir. 2017). The ALJ found that although the consultants were correct in their finding that Plaintiff had significant cognitive limitations, they were not "consistent in their findings of particular limitations and tying them to the RFC." R.30. Therefore, the ALJ found that the findings are entitled to "some, but not significant" weight.

The Plaintiff alleges the ALJ did not cite any other substantial evidence supporting the findings from the non-examining consultants. The ALJ does not discuss other substantial evidence that could support the mental residual functional capacity for the Plaintiff.

An ALJ may reject physicians' opinions if he or she relies on other medical evidence and testimony and explains why that evidence casts doubt on the opinions. *See Moon v. Colvin*, 763 F.3d 718, 722 (7th Cir. 2014). ALJs must "rely on expert opinions instead of determining the significance of particular medical findings themselves." *Id*.

If the ALJ does not explain what she means by "some" weight, the Court can only guess. Moreover, the ALJ here does not explain what other substantial evidence in the record could support the mental residual functional capacity found for the Plaintiff. SSR 96-8p (1996 WL 374184) states:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g. daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any medical inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p (footnote omitted). An ALJ may examine the medical record and determine that a physician's conclusions are not supported by his notes or are contradicted by other medical evidence. *See Henke v. Astrue*, 498 F. App'x 636, 640 (7th Cir. 2012). In *Henke*, the ALJ pointed to notes from another physician who had examined the plaintiff contemporaneously and found that she no longer suffered from debilitating pain. *See id.* Accordingly, it is clear from the record that the ALJ relied on specific medical evidence in making the residual functional capacity. *See id.*

Because the ALJ gave the opinions of the non-examining consultants only "some" weight, the Court can only guess what other substantial evidence in the record could support the mental residual functional capacity found for the Plaintiff. Therefore, the Court is unable to conclude that the finding as to Plaintiff's residual functional capacity is supported by substantial evidence.

### III.

Based on the foregoing, the Court will remand this action for further consideration of the medical opinion evidence and the finding as to Plaintiff's mental residual functional capacity. Having determined that remand is appropriate, the Court need not consider the Plaintiff's alternative argument concerning the ALJ's evaluation of his credibility.

Ergo, the Report and Recommendation [d/e 14] of United States Magistrate Judge Eric I. Long is modified and the Plaintiff's Motion for Summary Judgment [d/e 8] is ALLOWED in part.

The Defendant Commissioner of Social Security's Motion for Summary Judgment [d/e 13] is DENIED.

The Decision of the Commissioner of Social Security is Reversed and this action is Remanded for further proceedings consistent with this Opinion.

The Clerk will terminate this case and enter Judgment.

ENTER: March 25, 2019

    FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge